IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 20-cv-03513-CMA-NRN

JENNIFER LARKIN,

    Plaintiff,

v.

A-B PETROLEUM, INC.,
BRIAN HALDORSON,
JANET CUNNINGHAM,
GREG WAKEMAN, and
BARBARA DICKSON,

    Defendant.

---

ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

---

This matter is before the Court on the August 27, 2021 Recommendation of United States Magistrate Judge (Doc. # 45), wherein Magistrate Judge N. Reid Neureiter recommends that this Court grant Defendants A-B Petroleum, Inc., Brian Haldorson, Janet Cunningham, and Greg Wakeman's (collectively, "Defendants") Motion to Dismiss Plaintiff's Complaint (Doc. # 16).[1] The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

---

[1] Specifically, Judge Neureiter recommends dismissal of Plaintiff's American With Disabilities Act ("ADA") claim as moot pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Defendants have voluntarily remedied the alleged ADA violation and, therefore, there is no ongoing injury that could be redressed by a favorable judicial decision. *See* (Doc. # 45 at 16) (citing *Brown v.*

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. (Doc. # 45 at 17.) Despite this advisement, no objection to Magistrate Judge Neureiter's Recommendation has been filed by any party.

"[T]he district court is accorded considerable discretion with respect to the treatment of unchallenged magistrate reports. In the absence of timely objection, the district court may review a magistrate [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.")).

After reviewing the Recommendation of Magistrate Judge Neureiter, in addition to applicable portions of the record and relevant legal authority, the Court is satisfied that the Recommendation is sound and not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Accordingly, the Court ORDERS as follows:

- the August 27, 2021 Recommendation of United States Magistrate Judge N. Reid Neureiter (Doc. # 45) is AFFIRMED and ADOPTED as an Order of this Court;

---

*Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016)). Judge Neureiter further recommends, in light of the recommended dismissal of Plaintiff's only federal claim, that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(c)(3). (*Id.* (citing *Stout v. Seitz*, No. 17-cv-01904-CMA-STV, 2018 WL 2948222, at *5 (D. Colo. June 13, 2018) ("As a general rule, the balance of factors to be considered will point towards declining to exercise jurisdiction over state-law claims when the federal claims have been eliminated prior to trial."))).

- Defendants A-B Petroleum, Inc., Brian Haldorson, Janet Cunningham, and Greg Wakeman's Motion to Dismiss Plaintiff's Complaint (Doc. #16) is GRANTED;

- Plaintiff's claims against all Defendants[2] are hereby DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. *See Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (explaining the doctrine of mootness is grounded in Article III's limitation on the jurisdiction of federal courts to "cases and controversies"); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (dismissals for lack of jurisdiction must be without prejudice); and

- the Clerk of Court is directed to close this case.

DATED:  September 13, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] As noted in the Motion to Dismiss, Plaintiff has failed to serve Defendant Barbara Dickson with a copy of the Complaint. (Doc. # 16 at 2 n.1.) The Court dismisses Plaintiff's claims against Ms. Dickson herein because Plaintiff's ADA claim against Ms. Dickson is moot for the reasons articulated in the Recommendation, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims against Ms. Dickson.